[Cite as *State v. Cox*, 2019-Ohio-3822.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 18CA0081-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAHSAAN ABDO COX | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 17CIV0427 |

DECISION AND JOURNAL ENTRY

Dated: September 23, 2019

CARR, Judge.

{¶1} Defendant-Appellant Rahsaan Abdo Cox appeals from the judgment of the Medina County Court of Common Pleas. This Court reverses and remands the matter for further proceedings consistent with this opinion.

I.

{¶2} On February 2, 2017, Mr. Cox was driving a rental car from Columbus to Akron on Interstate 71 in Medina County. After Trooper James Baker with the Ohio State Highway Patrol observed the vehicle Mr. Cox was driving going 77 miles per hour in a 70-mile-per-hour zone, Trooper Baker initiated a traffic stop.

{¶3} Mr. Cox provided his driver's license and showed Trooper Baker the rental agreement for the vehicle. Mr. Cox informed Trooper Baker that he was driving to Akron to have a first date with a girl he met on Facebook. Trooper Baker found this to be odd because there was a large grease stain on the right arm of Mr. Cox's shirt and Mr. Cox indicated he did

not have a change of clothes. Trooper Baker was also suspicious of Mr. Cox because he was driving a rental car between two cities that Trooper Baker described as drug "source area[s.]"

{¶4} Trooper Baker returned to his patrol car and then radioed for assistance. When backup arrived, Trooper Baker walked his canine partner around the vehicle. The dog alerted to the odor of narcotics by scratching at the left rear wheel well area. Mr. Cox was read his *Miranda* rights and a search of the vehicle was conducted.

{¶5} A suitcase was found in the trunk. When it was opened, Trooper Baker smelled an "overwhelming odor of raw marijuana." The suitcase contained "a little bit of marijuana shake" and three bundles of United States currency totaling $22,300. Police took Mr. Cox to the station and questioned him about the money. Trooper Baker also walked his dog around boxes, one of which contained the currency. The dog alerted to the box with the currency.

{¶6} Mr. Cox was never charged with any crime related to the stop; however, in May 2017, this civil forfeiture action was instituted. The complaint alleged that the funds were subject to forfeiture because they were:

> a. Proceeds derived from or acquired through the commission of an offense, and or
>
> b. Proceeds derived from or acquired through the commission of a drug trafficking offense (R.C. []2925.03), and/or
>
> c. Proceeds derived from or acquired through the commission of a gambling offense (R.C. []2915.02), and/or
>
> d. An instrumentality that was used in or was intended to be used in the commission or facilitation of drug trafficking, a felony offense under R.C. []2925.03, and/or
>
> e. An instrumentality that was used in or was intended to be used in the commission or facilitation of gambling, a misdemeanor under R.C. []2915.02 for which forfeiture is specifically authorized by R.C. []2941.1417, and/or
>
> f. An attempt to commit, complicity in committing, or conspiracy to commit drug trafficking, a felony offense under R.C. []2925.03, and/or

g. An attempt to commit, complicity in committing, or conspiracy to commit the offense of gambling, a misdemeanor under R.C. []2941.1417[.]

{¶7}    At trial, however, the State contended that the funds were subject to forfeiture only as an instrumentality.  Specifically, the State pointed to former R.C. 2981.02(A)(3) and argued that the currency was subject to forfeiture because it was intended "to be used in the commission or the facilitation of a felony drug offense" and that it was Mr. Cox's "intent to use this money for transactions in drugs."  The State asserted that the evidence would demonstrate that Mr. Cox's intention was "to use the money to purchase, transport and resell marijuana[.]"  In closing, the State reiterated that "the evidence does support a finding that Mr. Cox intended to use this money for the purchase and transport of marijuana."

{¶8}    The trial court issued a judgment entry ordering forfeiture of the funds determining that "the State of Ohio has proven by clear and convincing evidence that the property in this matter is subject to forfeiture as proceeds of criminal offenses under [R.C.] 2981.05."  In so doing, the trial court noted that Mr. Cox gave varying explanations for the origin of the money, including that a portion was acquired through "shooting dice, which [the trial court] accept[ed] as an admission of acquiring the money through illegal gambling."

{¶9}    Mr. Cox has appealed, raising three assignments of error for our review.  As we conclude the third assignment of error is determinative of this appeal, we will address it first.

II.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED IN FINDING THAT MR. COX'S CURRENCY WAS OBTAINED ILLEGALLY OR FROM DRUG TRAFFICKING.

{¶10} Mr. Cox argues in his third assignment of error that the trial court erred in concluding that the money at issue was proceeds. Although we agree with Mr. Cox, we do so for a reason not specifically articulated in his brief.

{¶11} While the State alleged in its complaint numerous reasons why the money was subject to forfeiture, including that the money was both proceeds and an instrumentality, at the time of the trial, the State limited its argument drastically. At the time of trial, the State stated:

> This is a civil forfeiture action brought by the State of Ohio against Rahsaan Abdo Cox pursuant to Revised Code Section 2981.05.

> Under that section, the State has the burden to show * * * that the property is subject to [forfeiture] under 2981.02.

> In that section, 2981.02(A)(3) requires us to show that the property is subject to [forfeiture] if it's intended to be used in the commission or the facilitation of a felony drug offense, and we intend to show that it was Mr. Cox's intent to use this money for the transactions in drugs.

{¶12} After describing the evidence that the State believed would be presented, the State concluded that "we believe that [the evidence] indicates an intention on the part of Mr. Cox to use the money to purchase, transport and resell marijuana which would be a drug trafficking violation in violation of Section 2925.03(C) of the Revised Code, so that is what we intend to show[.]" After the evidence was presented, the State argued in closing that "[w]e would assert that the evidence does support a finding that Mr. Cox intended to use this money for the purchase and transport of marijuana."

{¶13} In its judgment entry, while the trial court stated that "[t]he Court has considered the following factors in this case which, in their totality, produce a firm belief that * * * Cox possessed U.S. currency that was proceeds or an instrumentality of criminal offenses[,]" the trial court ultimately concluded that the money was subject to forfeiture "as proceeds of criminal

offenses[.]" In so doing, the trial court referenced that Mr. Cox mentioned that some of the money was obtained from illegal gambling.

{¶14} The problem with the trial court's decision is that, at the time of trial, the State did not assert that the money was proceeds of criminal offenses. Instead, the State argued that the money was an instrumentality of drug-related offenses.

{¶15} At the time of the trial, former R.C. 2981.02(A)(3), upon which the State relied, provided that property is subject to forfeiture when it is:

> An instrumentality that is used in or intended to be used in the commission or facilitation of any of the following offenses when the use or intended use, consistent with division (B) of this section, is sufficient to warrant forfeiture under this chapter:
>
> (a) A felony;
>
> (b) A misdemeanor, when forfeiture is specifically authorized by a section of the Revised Code or by a municipal ordinance that creates the offense or sets forth its penalties;
>
> (c) An attempt to commit, complicity in committing, or a conspiracy to commit an offense of the type described in divisions (A)(3)(a) and (b) of this section.

{¶16} An instrumentality is not the same as proceeds. An instrumentality is defined as "property otherwise lawful to possess that is used in or intended to be used in an offense. An 'instrumentality' may include, but is not limited to, a firearm, a mobile instrumentality, a computer, a computer network, a computer system, computer software, a telecommunications device, money, and any other means of exchange." R.C. 2981.01(B)(6). Whereas, at the time of the traffic stop, R.C. 2981.01 provided that proceeds means both of the following:

> (a) In cases involving unlawful goods, services, or activities, "proceeds" means any property derived directly or indirectly from an offense. "Proceeds" may include, but is not limited to, money or any other means of exchange. "Proceeds" is not limited to the net gain or profit realized from the offense.
>
> (b) In cases involving lawful goods or services that are sold or provided in an unlawful manner, "proceeds" means the amount of money or other means of

exchange acquired through the illegal transactions resulting in the forfeiture, less the direct costs lawfully incurred in providing the goods or services. The lawful costs deduction does not include any part of the overhead expenses of, or income taxes paid by, the entity providing the goods or services. The alleged offender or delinquent child has the burden to prove that any costs are lawfully incurred.

Former R.C. 2981.01(B)(11).

{¶17} Moreover, at trial, the State asserted that the money was subject to forfeiture as an instrumentality of drug-related offenses, not gambling offenses. As noted above, the trial court specifically listed Mr. Cox's admission that some of the money was from illegal gambling as a factor in concluding that the money was subject to forfeiture as proceeds of criminal offenses.

{¶18} While, given the breadth of the complaint, the State certainly could have asserted at trial that the money was an instrumentality or proceeds or both, the State repeatedly maintained that the money was subject to forfeiture because it was an instrumentality of a drug-related offense. Given these circumstances, we conclude that the trial court committed reversible error in ordering forfeiture of the funds as proceeds of criminal offenses. Upon remand, the trial court shall consider whether the State met its burden of demonstrating that the funds were an instrumentality of drug-related offenses. Mr. Cox's third assignment of error is sustained to the extent he asserts the trial court erred in concluding the funds were proceeds.

**ASSIGNMENT OF ERROR I**

THE EVIDENCE OBTAINED REGARDING THE FORFEITED CURRENCY WAS INADMISSIBLE AS THE PRODUCT OF AN ILLEGAL ARREST.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN ASSIGNING ANY BURDEN OF PROOF TO MR. COX TO PROVE WHERE THE CURRENCY CAME FROM.

{¶19} Mr. Cox argues in his first assignment of error that certain evidence was inadmissible at trial. He argues in his second assignment of error that the trial court inappropriately assigned him the burden of proving the source of the currency. In light of this

Court's resolution of Mr. Cox's third assignment of error, these assignments of error are not properly before us at this time and we decline to address them.

III.

{¶20} Mr. Cox's third assignment of error is sustained to the extent discussed above. His first and second assignments of error are not properly before us at this time and will not be addressed. The judgment of the Medina County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

W. JEFFREY MOORE, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and MICHAEL K. LYONS, Assistant Prosecuting Attorney, for Appellee.